On Rehearing
AYRES, Judge.
A rehearing was granted herein primarily for a reconsideration of defendants’ plea of 10 years’ acquisitive prescription and particularly as to that portion of the property in dispute lying in Lot Two of the Hubbard Lands. This lot was adjudicated to the State in 1913 for the unpaid taxes of 1912. Actual corporeal possession of this *388 property has been exercised by the defendants as owners since 1914. The property was redeemed ■ from the State in 1936, and defendants’ possession continued over.said lands uninterrupted and undisturbed until this suit was filed May 15, 1954, or for approximately 18 years.
Defendants’ possession as owners was under and by virtue of a deed from Sarah E. Hubbard Brown dated March 16, 1914,. which was duly recorded in Conveyance' Book 92, Page 503, of the records of Caddo Parish, Louisiana. We stated in our original opinion that
“The acreage involved in this litigation, the ownership of which is in dispute, constitutes a small portion of both" Lots 2 and 4 of the "Hubbard Lands, and admittedly défendants have been in possession of the property in dispute for a period of more than thirty years.”
It was held, only because that portion of said property located in Lot Two had been adjudicated to the State and not redeemed until' 1936, as aforesaid, that defendants were deprived of the benefit of their plea of 30 years’ "prescription inasmuch as they could not acquire title by prescription during the time that title was vested in the State, which resulted in an interruption of the continuity of defendants’ possession. However, defendants’ possession, from and after said redemption, was continuous and uninterrupted to the date of the filing of this suit. That the nature and character of defendants’ title a-nd possession as to the lands lying in Lot Two of the aforesaid tract comply with the requirements of LSA-C.C. art. 3478, which provides that “He who acquires an immovable in good faith and by just title prescribes for it in ten years * * * ”, admits of no dispute. Therefore, defendants’ plea of 10 years’ prescription as to this portion of the property in dispute should have been sustained. ■ ■
For these reasons, we conclude that defendants should be decreed the owners of that portion of the property in dispute lying in Lot Two of the Hubbard Lands, and that for the reasons assigned in our original opinion plaintiff is entitled to the ownership of that portion of said lands lying in Lot Four. It is, therefore, necessary that oúr original decree be amended and recast.
■Accordingly, there is now judgment in favor of the plaintiff, Elzie H. White, recognizing and decreeing him to be the true and lawful owner and as such entitled to the possession of all that portion of the following described property lying in Lot, Four of the Hubbard Lands, towit:
Begin at the Southwest corner of the Hubbard Lands, thence 43° 45' East 695.8 feet, thence North 828.4 feet to point in North line of Lot 2, Hubbard Lands, said point being the northeast corner of Lot 14, Pine Acres Subdivision, thence North 89° 15' East 144.4 feet, thence South 0° 45' West to point in South line of Lot 4, thence South 89° 15' West along South line of Lot 4 to place of beginning, all in Caddo Parish, Louisiana, in Section 24, Township 22 North, Range 16 West,
and that as to the possession of said lands the defendants, Henry L. Thomas, John D. Thomas and J. Owen Thomas, are hereby ordered to deliver to plaintiff.
It is further ordered, adjudged and decreed there be judgment in favor of defendants, Henry L. Thomas, John D. Thomas and J. Owen Thomas, decreeing them to be the true and lawful owners of all that portion of the aforesaid described prop--erty lying and being situated in Lot Two of the aforesaid Hubbard Lands, and, as such owners, entitled to the possession thereof.
It is further ordered that one-half of all the court costs be paid by the plaintiff and the other half by the defendants, and they are hereby cast accordingly.
The right is hereby reserved to the appellant to apply for a rehearing.
Accordingly, our .original decree is thus amended and, as amended, is made the final judgment of this court.